Date Signed:
April 4, 2019



SO ORDERED.

_____
Robert J. Faris
United States Bankruptcy Judge

# IN THE UNITED STATES BANKRUPTCY COURT

# FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| In re<br><br>YOUNG HUI KIM,<br><br>        Debtor. | Case No. 14-01353<br>(Chapter 7) |
| JULIA RIIHIMAKI,<br><br>        Plaintiff,<br>   vs.<br><br>YOUNG HUI KIM; GLORY OF GOD PRESBYTERIAN CHURCH; PACIFIC EAGLE REALTY LLC; RICHARD SANG KIM, ROBERT A. SHIRD, YOUNG IM SHIRD; DANIEL TAE HWA KIM; I SUN HWANG; MARIA OTAKE; ET AL.<br><br>        Defendants. | Adversary Proceeding No. 15-90001<br><br>**HEARING**<br><br>Date:  March 29, 2019<br>Time:  10:00 AM<br>Judge: The Honorable<br>        Robert J. Faris<br><br>Related Docket Nos. 428 and 429 |

**FINDINGS OF FACT; CONCLUSIONS OF LAW AND ORDER GRANTING MTION FOR DEFAULT JUDGMENT AGAINST DEFENDANTS I SUN HWANG AND MARIA OTAKE**

1

Plaintiff's Motion for Entry of Default Judgment Against Defendants I Sun Hwang and Maria Otake (the "**Motion**"), filed February 27, 2019, came on for hearing on March 29, 2019 (the "**Hearing**") before the Honorable Robert J. Faris, United States Bankruptcy Judge. Ronald T. Ogomori, Esq. appeared on behalf of Plaintiff. No other parties or persons appeared at the Hearing. There was no opposition filed in response to the Motion.

The Court has read the Motion, and the Memorandum, Declarations and Exhibits filed therewith, has considered the records and files in this Proceeding and the above-captioned Bankruptcy Case, and has the heard the responses and representations by counsel at the Hearing. After due and careful consideration and for good cause, the Court makes the following findings of fact; conclusions of law and order:

## **FINDINGS OF FACT**

1. Defendant Church is a Hawaii non-profit corporation. Reverend Kim was the founder, a member of the Board of Directors, and the President of Defendant Church.

2. On or about April 21, 2011, Defendant Church executed a Promissory Note (the "**Hwang Note**") in the principal amount of $90,000.00 in favor of Defendant I Sun Hwang ("**Hwang**"). The Hwang Note was signed by Reverend Kim as its President.

U.S. Bankruptcy Court - Hawaii   #15-90001   Dkt # 435   Filed  04/04/19   Page 2 of 14

3. Contemporaneously with the Hwang Note, Defendant Church, as mortgagor, executed a Mortgage of certain real property located at 59-006 Kamehameha Highway, Haleiwa, Hawaii 96712 (the "**Haleiwa Property**") in favor of Defendant Hwang, as mortgagee (the "**Hwang Mortgage**"), to secure the Hwang Note. The Hwang Mortgage was signed by Reverend Kim for Defendant Church as its President. The Hwang Mortgage was recorded on April 21, 2011 in the Land Court of the State of Hawaii as Document No.4067304 on Certificate No. 1,002,238.

4. Also, on or about April 21, 2011, Defendant Church executed a Promissory Note (the "**Otake Note**") in the principal amount of $55,000.00 in favor of Defendant Maria Otake ("**Otake**"). The Otake Note was signed by Reverend Kim as its President.

5. Contemporaneously with the Otake Note, Defendant Church, as mortgagor, executed a Mortgage of the Haleiwa Property in favor of Defendant Otake, as mortgagee (the "**Otake Mortgage**"), to secure the Otake Note. The Otake Mortgage was signed by Reverend Kim for Defendant Church as its President. The Otake Mortgage was recorded on April 21, 2011 in the Land Court of the State of Hawaii as Document No.4067305 on Certificate No. 1,002,238.

6. Defendant Church was the only maker of the Hwang and Otake Notes.

3

U.S. Bankruptcy Court - Hawaii   #15-90001   Dkt # 435   Filed 04/04/19   Page 3 of 14

7. The Hwang and Otake Mortgages only secured the purported indebtedness of Defendant Church and not the indebtedness of any other party.

8. Notwithstanding the contrary recitations in the Hwang and Otake Notes and Mortgages, Defendant Church did not receive any consideration, of any kind, for the Hwang and Otake Notes and Mortgages.

9. In or about January 2012, Defendant Church conveyed its title to the Haleiwa Property to Plaintiff Julia Riihimaki ("**Plaintiff**" or "**Mrs. Riihimaki**").

10. In or about February 2013 and again in November 2013, James T. Lee, Esq. ("**Attorney Lee**"), representing Defendants Hwang and Otake, informed Ronald K.K. Sakimura, Esq. ("**Mr. Sakimura**"), an attorney for Mrs. Riihimaki, of the intention of Attorney Lee to foreclose the Hwang and Otake Mortgages on the Haleiwa Property.

11. In or about January 2015, Plaintiff filed the Complaint in this Proceeding against various defendants, including Defendants Hwang and Otake. The claims against Defendants Hwang and Otake are set forth in Court VI (misnumbered) of the Complaint. Paragraph 331 of the Complaint alleged in relevant part as follows:

> The Hwang and Otake Mortgages are each invalid, null, void and of no legal effect, and do not constitute a lien against or encumbrance of the Haleiwa Property, and do not convey any right, title or interest in or to the Haleiwa Property because, among other things, Defendant Church did not receive any consideration for granting the Mortgages.

4

12. In the Prayer for Relief of the Complaint, Plaintiff prayed for the following relief against Defendants Hwang and Otake:

> For judgment declaring the Hwang Mortgage, the Otake Mortgage and the Shirds Mortgage (the "2011 Haleiwa Mortgages") are invalid, null, void, and of no legal effect and do not constitute a lien against or an encumbrance of the Haleiwa Property; and ordering the holders of the 2011 Haleiwa Mortgages to forthwith execute and record a release of each of such Mortgages.

13. With respect to entry of final judgment by this Court, Paragraph 4 of the Complaint alleged:

> Defendants also consent to the entry of final orders and judgments by this Court as to non-core issues.

14. The Complaint and Summons were duly served on Defendants Hwang and Otake at their respective residences.

15. The Summons notified Defendants Hwang and Otake, in large bold capitalized type, as follows:

> IF YOU FAIL TO RESPOND TO THIS SUMMONS, YOUR FAILURE WILL BE DEEMED TO BE YOUR CONSENT TO ENTRY OF A JUDGMENT BY THE BANKRUPTCY COURT AND JUDGMENT BY DEFAULT MAY BE TAKEN AGAINST YOU FOR THE RELIEF DEMANDED IN THE COMPLAINT.

16. After the Complaint and Summons were served on Defendants Hwang and Otake, Attorney Lee contacted Mr. Sakimura and said that he was representing Defendants Hwang and Otake in this Proceeding.

17. Attorney Lee attended and participated in the Rule 26(f) discovery planning conference held by the counsel on or about March 2, 2015.

18. At or about that time, Attorney Lee informed Mr. Sakimura that Defendants Hwang and Otake did not give Defendant Church any consideration for the Hwang and Otake Notes and Mortgages.

19. Shortly thereafter, Attorney Lee and Mr. Sakimura agreed, on behalf of their respective clients, that if Defendants Hwang and Otake voluntarily released their Mortgages, they would be dismissed from the Adversary Proceeding.

20. A few days later, on or about March 16, 2015, Mr. Sakimura sent to Attorney Lee Releases of Mortgage and Stipulations for Dismissal to be executed by Defendants Hwang and Otake and him.

21. Several days after March 16, 2015, Attorney Lee informed Mr. Sakimura that Defendants Hwang and Otake decided not execute the Releases. Attorney Lee also said that he no longer represented Defendants Hwang and Otake in the Adversary Proceeding.

22. Defendants Hwang and Otake did not ever file an answer to the Complaint or otherwise plead or defend in this Proceeding.

23. Entry of default was duly entered against Defendants Hwang and Otake by the Clerk of this Court on March 27, 2015.

24. Notice of the Entry of Default was duly served on Defendants Hwang and Otake. They did not file any objection to the Entry of Default against them,

6

even though nearly four years has now passed after they were served with notice of the Entry of Default.

25. This Proceeding has been pending against Defendants Hwang and Otake for more than four years. Repeatedly over the past four years, many notices, pleadings and other records in this Proceeding have been served on Defendants Hwang and Otake at their respective residences. Defendants Hwang and Otake know that the Proceeding is active and remains pending against them.

26. The inference I draw from the actions and inaction of Defendants Hwang and Otake during the last four years is that they knowingly have chosen to allow judgment to be entered against them for the relief requested by Plaintiff in this Proceeding.

27. There are no state court proceedings between Mrs. Riihimaki and Defendants Hwang and Otake.

## **CONCLUSIONS OF LAW**

1. This Court has "related to" subject matter jurisdiction, pursuant to 28 U.S.C. §1334(b), over the claims by Plaintiff against Defendants Hwang and Otake in the Complaint. At the time the Complaint was filed, the relief requested against Defendants Hwang and Otake conceivably might have affected the distribution to creditors in the above-captioned Bankruptcy Case.

2. Defendants Hwang and Otake have consented, by implication, to entry by this Court of a final judgment on the claims against them.

**The Hwang and Otake Notes and Mortgages are Invalid**

3. In Hawaii, contractual promises and agreements, such as promissory notes and mortgages, are not valid where no consideration was given. *Ortez v. Bargas*, 29 Haw. 548, 552 (Haw. 1927) (failure of consideration for a promissory note constitutes a good defense); *Lee Hop v. Nakuina*, 27 Haw. 286, 292 (Haw. 1923) (option contract not enforceable because no consideration); *Kam Chin Chun Ming v. Kam Hee Ho*, 45 Haw. 521, 371 P.2d 379, 403 (Haw. 1962)(family settlement agreement not binding where no consideration given); *Hirokawa v. Abe*, 29 Haw. 228, 229-231 (Haw. 1926) (promissory note with no consideration is not binding); *Rapozo v. Keliinoi*, 27 Haw. 763, 768-769 (Haw. 1924) (modification of promissory note without consideration is not binding).

4. This is true even where the instrument expressly recites consideration but no consideration was given in fact. *Ortez v. Bargas*, 29 Haw. 548, 552 (Haw. 1927).

5. Accordingly, the Hwang and Otake Promissory Notes are not valid because Defendant Church did not receive any consideration of any kind for the Promissory Notes.

6. Likewise, the Hwang and Otake Mortgages are not valid because Defendant Church did not receive consideration of any kind for the Mortgages.

**Declaratory Relief Is Appropriate Pursuant to 28 U.S.C. Section 2201**

7. An "actual controversy", within the meaning of 28 U.S.C. Section 2201, exists between Mrs. Riihimaki on the one hand and Defendants Hwang and Otake on the other about the invalidity of the Hwang and Otake Notes and Mortgages.

8. The controversy is substantial. The liens of the Hwang and Otake Mortgages, if valid, substantially diminishes the equity value of Mrs. Riihimaki's title to the Haleiwa Property. The controversy is real and has not disappeared. The Mortgages are recorded against the Haleiwa Property. Defendants Hwang and Otake have not voluntarily released the Mortgages.

9. Granting declaratory relief requested in this case serves the useful purpose of resolving the actual, real and immediate dispute about the validity of the Mortgages. Plaintiff seeks to resolve all related claims in a single proceeding and Defendants Hwang and Otake do not object to the grant of relief by this Court. No needless determinations of state law issues are required. The claims against Defendants Hwang and Otake only presents the issue of the validity of their Mortgages. Forum shopping, duplicative litigation, unjust res judicata advantage,

and entangling federal and state court systems are not issues in this case. There are no state court proceeding between Plaintiff and Defendants Hwang and Otake.

**Granting Default Judgment under Rule 55(b) is Appropriate**

10. The procedural requirements have been satisfied for granting Rule 55(b) default judgment against Defendants Hwang and Otake in this Proceeding. This Court has subject matter jurisdiction and this Court has personal jurisdiction over Defendants Hwang and Otake. The Complaint and Summons were duly served on them and they did not answer or otherwise plead or defend. Entry of Default was duly entered. Defendants Hwang and Otake are not minor or incompetent persons. The are not members of the United States military on active duty. Plaintiff's Motion, and the Notice of Hearing of the Motion, were duly served on Defendants Hwang and Otake.

11. Granting default judgment against Defendants Hwang and Otake are clearly supported by the factors listed in <u>Eitel v. McCool</u>, 782 F.2d 1470 (9th Cir., 1986).

12. The first <u>Eitel</u> factor (prejudice to Plaintiff) favors entry of default judgment. Plaintiff cannot force Defendants Hwang and Otake to appear in this Proceeding. If default judgment is not entered, plaintiff will be unjustly prejudiced by the refusal by Defendants Hwang and Otake to plead or otherwise defend in this Proceeding.

U.S. Bankruptcy Court - Hawaii   #15-90001   Dkt # 435   Filed 04/04/19   Page 10 of 14

13.  The second *Eitel* factor (merits of the claim) strongly favors entry of default judgment.  It is undisputed that no consideration of any kind was given to Defendant Church for the Hwang and Otake Notes and Mortgages.  Under Hawaii law, the Notes and Mortgages are invalid because no consideration was given for them.

14.  The third *Eitel* factor (sufficiency of the complaint) also favors entry of default judgment.  The Complaint sufficiently sets forth and gives notice of the allegations of Plaintiff's claims against Defendants Hwang and Otake, including the reasons for the claim.  Furthermore, the Complaint clearly gives notice of the specific relief requested against Defendants Hwang and Otake.

15.  The fourth *Eitel* factor (amount of money at stake) also favors entry of default judgment.  As a practical matter, from the perspective of Defendants Hwang and Otake, the amount of money actually at stake was not enough to cause them to defend the validity of the Mortgages.

16.  The fifth *Eitel* factor (possibility of factual dispute) also favors entry of default judgment.  The material allegations of the Complaint are admitted and the declarations, exhibits and other evidence submitted with the Motion support the Complaint.

17.  The sixth *Eitel* factor (excusable neglect) strongly favors entry of default judgment.  It is clear to the Court, based on the evidence presented and the

facts and circumstances of this matter, the failure of Defendants Hwang and Otake to answer the Complaint was not caused by any excusable neglect. Rather, they have knowingly chosen to allow the Court to enter judgment against them for the relief requested by Plaintiff.

18. The seventh *Eitel* factor (decision on the merits) is neutral. Defendants Hwang and Otake neutralized the policy favoring a decision on the merits by failing to answer and defend in this Proceeding.

To the extent that any finding of fact is construed to be a conclusion of law, it is hereby adopted as such. To the extent that any conclusion of law is construed to be a finding of fact, it is hereby adopted as such.

## **ORDER**

A. Based on the foregoing findings and conclusions, Plaintiff's Motion is hereby GRANTED in its entirety.

B. Plaintiff shall submit, for entry by the Court, a separate default judgment granting declaratory relief under 28 U.S.C. section 2201 declaring that declaring the Hwang Mortgage and the Otake Mortgage are invalid, null, void, and of no legal effect and do not constitute a lien against or an encumbrance of the Haleiwa Property.

C. Defendants Hwang and Otake are hereby ordered to execute and deliver to the attorneys for Plaintiff, within 30 days after the date of this Order, a

U.S. Bankruptcy Court - Hawaii   #15-90001   Dkt # 435   Filed 04/04/19   Page 12 of 14

Release of their respective Mortgages, in a recordable form and substance satisfactory to Plaintiff.

  D. In the event that Defendants Hwang and Otake, or either them, shall fail to timely execute and deliver such Release of Mortgage, and that circumstance shall be set forth in a declaration of counsel filed with the Court, the Clerk of the Court shall execute the unexecuted Release, or Releases, for and on behalf of the releasor identified in the Release. The execution of the Release by the Clerk of the Court shall be binding for all purposes on the releasor and shall be effective for all purposes as if the releasor had executed the Release herself.

**- - - END FINDINGS OF FACT; CONCLUSIONS OF LAW AND ORDER GRANTING MTION FOR DEFAULT JUDGMENT AGAINST DEFENDANTS I SUN HWANG AND MARIA OTAKE - - -**

Submitted by:

RONALD T. OGOMORI  #5850-0
rogomori@ogomorilaw.com
Executive Centre
1088 Bishop Street, Suite 4100, PH-2
Honolulu, Hawaii 96813
Telephone: (808) 695-4240

RONALD K.K. SAKIMURA   #1646-0
sakilaw@lava.net
335 Merchant Street #2516
Honolulu, Hawaii 96804-0413
Telephone: (808) 347-7297

Attorneys for Plaintiff JULIA RIIHIMAKI

14

U.S. Bankruptcy Court - Hawaii   #15-90001   Dkt # 435   Filed  04/04/19   Page 14 of 14